## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT BALFOUR, DON LEE, KULDEEP SINGH, MATTHEW TEMPLON, and SHELIA VORHEIS, <br><br> Plaintiffs, <br><br> v. <br><br> iFIT HEALTH AND FITNESS INC, a Delaware Corporation, <br><br> Defendant. | Case No. 1:23-cv-00067-CFC <br><br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT** |

This matter coming before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion").[1] The Court, having considered the Motion, the supporting memorandum of law, the Settlement Agreement dated February __, 2024 (the "Agreement"), the proposed forms of notice to the Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, has determined that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Class is preliminarily certified, and the proposed Notice plan is approved. Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED** as follows:

### Preliminary Certification of The Settlement Class

1.      The Court preliminarily certifies, for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(e), the Class defined in the Settlement Agreement as follows:

---

[1] Unless otherwise defined herein, all terms capitalized herein shall have the same definitions ascribed to them as in the Settlement Agreement.

**The Class:**

All persons in the United States or its territories who, on or before January 23, 2023, purchased a Class Device. Excluded from the Class are Defendant; any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant; Defendant's legal representatives, assigns and successors; and all judges who have presided over the Action and any member of the judges' immediate families.

2.     The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for settlement purposes: (1) the Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the Plaintiffs' claims are typical of the Class; (4) the Plaintiffs and their Counsel fairly and adequately represent the interests of the Class; (5) questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (6) a class action provides a fair and efficient method for settling the controversy.

3.     The Court hereby appoints Scott Balfour, Don Lee, Kuldeep Singh, Matthew Templon, and Shelia Vorheis as the representatives of the Class.

4.     The Court hereby appoints Cafferty Clobes Meriwether and Sprengel LLP and Sauder Schelkopf LLC as Class Counsel.

**Preliminary Approval of the Terms of the Settlement**

5.     On a preliminary basis, taking into account (1) the value and certainty of the benefits to be provided by the Settlement Agreement to Class Members; (2) the defenses asserted by Defendant; (3) the risks to Plaintiffs and Class Members that Defendant would successfully defend against class certification and/or against the merits of the claims alleged in this Action; and (4) the length of time that would be required for Class Members or any of them to obtain a final judgment through one or more trials and appeals, the Settlement appears sufficiently fair,

reasonable, and adequate to authorize dissemination of Notice to the Class as set forth in the Settlement Agreement.

6.      Moreover, the Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that (1) the Settlement Agreement is the product of extensive negotiations, which were contentious, at arm's-length, and facilitated by an experienced mediator (Hon. Layn R. Phillips (Ret.)), (2) the Plaintiffs obtained substantial confirmatory discovery, (3) the proponents of the Settlement Agreement are experienced in similar class action litigation; and (4) the Settlement provides substantial benefits to the Class and does not treat any Class Members differently or preferentially.

### Notice and Administration

7.      Pursuant to the Settlement Agreement, the Parties have designated Epiq Global ("Epiq") as the Class Action Settlement Administrator. Epiq shall perform all duties necessary to carry out the Notice plan approved herein and administer the settlement as set forth in the Settlement Agreement. Pursuant to the Settlement Agreement, Epiq will make relevant documents, such as the Settlement Agreement and Long Form Notice, accessible on the settlement website.

8.      The Court finds that the Notice plan as set forth in the Settlement Agreement satisfies the requirements of due process and provides the best notice practicable under the circumstances pursuant to Federal Rule of Civil Procedure 23(e)(1). The Notice is reasonably calculated to inform the Class Members of the nature of the litigation, the terms and conditions of the Settlement Agreement, the right of Class Members to object to the Settlement Agreement or exclude themselves from the Class, including instructions about the process for doing so, and the time, place, and location of the Final Approval Hearing. The Court approves the Notice plan, including the Claim Forms, and directs the Class Action Settlement Administrator and the parties

to proceed with providing Notice to the Class as set forth in the Settlement Agreement and this Order.

**Class Member Exclusions and Objections**

9.      Class Members who request to opt-out and exclude themselves from the Settlement Class must do so by notifying the Class Action Settlement Administrator in writing. To be valid, the opt-out request must be mailed to the Class Action Settlement Administrator no later than [120 days] after the Notice Date, must be in writing, and must include (i) the full name and current address and telephone number of the Class Member and (ii) a clear written statement of their desire to be excluded from the Class signed by the person submitting the request for exclusion. Settlement Class members who submit a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement. Any Class Member who does not submit a timely request for exclusion in accordance with the Settlement Agreement will be included in the Settlement and bound by the Settlement Agreement upon entry of the Final Judgment and Final Order.

10.     Class Members who wish to object to the Settlement Agreement must do so by submitting a written objection to the Class Action Settlement Administrator, signed by the objector, in accordance with the procedures outlined in the Class Notice and this Order, filed or postmarked no later than [120 days] after the Notice Date and must include the following information:

   i)     the full name and current address and telephone number of the Class Member;

   ii)    the model number of their Class Device;

   iii)    proof of purchase of their Class Device;

   iv)    a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable;

v)     the identity of any counsel representing the objector;

vi)    a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, identifying that counsel;

vii)   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered;

viii)  the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any);

ix)    the objector's email address; and

x)     a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, state, federal, or otherwise, within the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

11.    Any Class Member who files and serves a written objection may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses or the Service Awards to Plaintiffs. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver or mail a notice of their intention to appear to Class Counsel and iFIT's Counsel, and file the notice with the Court, on the date ordered by the Court below.

12.    Any Class Member who fails to comply with the above requirements shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, the Final Order, and the Final Judgment in the Action.

**Final Approval Hearing**

13.     The Court will hold a Final Approval Hearing on November 7, 2024, at 2:00 pm [a.m./p.m.], in Courtroom 4B of the United States District Court for the District of Delaware, United States Courthouse, 844 North King Street, Wilmington, DE 19801.

14.     At the Final Approval Hearing, the Court will determine whether the certification of the Class, the appointment of Plaintiffs as representatives of the Class, the appointment of Class Counsel, and the Settlement Agreement should receive final approval.  The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

**Settlement Administration Timeline, Injunction, and Termination**

15.     To facilitate the timely administration of this case, the Court hereby sets the following schedule:

| Event | Deadline |
| --- | --- |
| Notice Date | [30 days] after entry of this Order |
| Deadline to Submit Motion for Attorneys' Fees and Expenses and Service Awards | [14 days] before the Objection Deadline |
| Objection Deadline | [120 days] from the Notice Date |
| Opt-Out Deadline | [120 days] from the Notice Date |
| Deadline to Submit a Notice of Intent to Appear at the Final Approval Hearing | [14 days] before the Final Approval Hearing |
| Deadline to Submit Motion for Final Approval | [14 days] before the Final Approval Hearing |
| Final Approval Hearing | [180 days] from the entry of this Order |

16.     All proceedings and deadlines in this matter, except those required to implement this Order and the Settlement Agreement, are hereby stayed and suspended until further order from the Court.

17.     Class Counsel and Counsel for Defendant are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement

6

Agreement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Class Members under the Settlement Agreement.

18.    In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, the Agreement and this Order shall become null and void, shall have no further force and effect with respect to iFIT, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any proposed or existing class, or the amenability of these or similar claims to class treatment. In the event of such withdrawal, this Agreement and all negotiations, proceedings, and documents prepared and statements made in connection herewith shall be without prejudice to iFIT, the Plaintiffs, and the Class Members, and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter, or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

**IT IS SO ORDERED.**

DATED: **4·5·24**, 2024    _Col J. C_____

HON. COLM F. CONNOLLY

UNITED STATES DISTRICT JUDGE

7