THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT BALFOUR, DON LEE, KULDEEP SINGH, MATTHEW TEMPLON, and SHELIA VORHEIS,<br><br>          Plaintiffs,<br><br>v.<br><br>iFIT HEALTH AND FITNESS INC, a Delaware Corporation,<br><br>          Defendant. | Case No. 23-cv-67-CFC |

### [~~PROPOSED~~] ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Motion for Final Approval of the Class Action Settlement (D.I. 44) (the "Motion");

**WHEREAS**, the Court finds it has jurisdiction of this Action[1];

**WHEREAS**, on April 5, 2024, the Court issued an Order granting Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (D.I. 33) (the "Preliminary Approval Order");

**WHEREAS**, the Preliminary Approval Order, *inter alia*, preliminarily approved the Settlement Agreement ("Settlement Agreement" or "Settlement") as fair, reasonable, and adequate, and satisfied in all respects the requirements of Fed. R. Civ. P. 23, conditionally certified the Class for settlement purposes only, approved and directed the implementation of the Parties'

---

[1] Unless otherwise defined herein, the terms used in this Order and Judgment are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement (D.I. 28–1).

1

proposed Notice Plan, and conditionally appointed Plaintiffs Scott Balfour, Don Lee, Kuldeep Singh, Matthew Templon, and Shelia Vorheis as Class Representatives, Cafferty Clobes Meriwether and Sprengel LLP and Sauder Schelkopf LLC as Class Counsel, and Epiq Global as the Settlement Administrator;

**WHEREAS**, the Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court approved, and directed the dissemination of, the Notice of Settlement pursuant to the Notice Plan as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process (D.I. 33);

**WHEREAS**, said Notice Plan, as approved by this Court, was successfully effectuated in a timely and proper manner as confirmed by the Settlement Administrator and the Parties;

**WHEREAS**, the Court held the Final Fairness Hearing on November 7, 2024 to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, has been advised of, and has carefully considered the submissions and arguments relating to the Settlement;

**WHEREAS**, the Court has reviewed and carefully considered all of the filed submissions relating to the proposed Settlement, including Plaintiffs' Motion for Final Approval of the Class Action Settlement and exhibits thereto (the "Motion"), the Settlement Agreement and its exhibits, the Joint Declaration of Daniel O. Herrera and Joseph G. Sauder, the objections to and requests for exclusion from the Settlement, the Declaration of Cameron R. Azari, Esq. of Epiq Global, and all other submissions and filings in this action.

**IT IS ORDERED AND ADJUDGED AS FOLLOWS:**

1.   The Court hereby grants final approval of the Settlement Agreement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Settlement is fair,

reasonable and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law. Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998) which include: an assessment of the likelihood that the Class Representatives would prevail at trial; the range of possible recovery; the consideration provided to Class Members as compared to the range of possible recovery when considering the inherent risks and delays of litigating this action to conclusion; the complexity, expense, and possible duration of litigation in the absence of the Settlement; the reaction of the Class to the Settlement and the nature and extent of any objections to the Settlement; the stage of the proceedings and Class Counsel's knowledge of the facts, issues, and risks/benefits of litigation; the amount of discovery; the risk of establishing liability and/or damages and/or of significantly reduced and/or delayed recovery; the risk of not obtaining class certification or not maintaining class certification through trial and appeal if the Action is litigated to conclusion; the ability of the defendants to withstand a greater judgment, the range of reasonableness of the Settlement; the underlying substantive issues in the case; the results achieved; whether Class Members were afforded a reasonable opportunity to opt-out of the Settlement if they wished to do so; whether the attorneys' fees are reasonable, and whether the procedure for processing claims is fair and reasonable. The Court concludes that, on balance, the factors support granting final approval of the Settlement.

2. The Court finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the Settlement

3

3.  With respect to the proposed Class, this Court has determined that, for purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) prerequisites:

    a.  The Class Members are so numerous that joinder of all members is impracticable, as there are approximately 2.7 million Class Devices, 2,444,233 unique Class Members, and 2,688,056 Notices of Settlement were sent. Fed. R. Civ. P. 23(a)(1).

    b.  There are questions of law or fact common to the Class, Fed. R. Civ. P. 23(a)(2), such as whether Class Devices are defective and suffer premature failure due to the Defect; whether iFIT had a duty to disclose the alleged Defect but failed to do so; whether iFIT had pre-sale knowledge of the alleged Defect; and whether Defendant breached its express or implied warranties.

    c.  The claims of the Plaintiffs are typical of the claims of the Class. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims arise out of the same alleged defect in the Class Devices, the alleged damages apply to the Class Members in the same or similar manner, and the interests of the Class representatives do not conflict with the interests of the Class.

    d.  The Plaintiffs have fairly and adequately protected the interests of the Class. Fed. R. Civ. P. 23(a)(4). The Plaintiffs do not have interests that are antagonistic to the Class and are fully aligned with the interests of other Class Members. Accordingly, the Court finds that the Plaintiffs have satisfied Rule 23(a) for purposes of evaluating the settlement.

4.  The Court also finds for settlement purposes that the questions of law or fact common to Class members "predominate over any questions affecting only individual members,"

and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, Class Members share a common legal grievance arising from the same alleged defect in the Class Devices and iFIT's alleged failures to adequately address the alleged defect. Common legal and factual questions predominate over any individual questions that may exist for purposes of this settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Class Members underscores the predominance of common legal and factual questions for purposes of this settlement. In concluding that the Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions, and because this is a Settlement, the Court need not be concerned with the manageability issues that would exist if the Action were tried. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Moreover, the cost of litigation likely outpaces the individual recovery available to any Class Members. See Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this settlement, Rule 23(b)(3) has also been satisfied.

5.   The Notice Plan was timely and properly effectuated, and in all respects (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Class Members of the pendency of the action, the Settlement, and their rights including the right (and deadlines) to object to the proposed, Settlement, exclude themselves from the Settlement, and submit a Claim Form under the Settlement; (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice, (v) adequately informed Class Members of their rights in the Action, and

5

(vi) provided Class Members with reasonable and adequate time to object to the settlement, opt-out of the settlement, and file Claims under the Settlement. Fed. R. Civ. P. 23(c)(2).

6. In accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and to the Attorneys General of each of the 50 states, the District of Columbia, and U.S. Territories. None of the Attorneys General have filed any objections to the Settlement.

7. The Settlement was entered into as a result of vigorous and extensive arm's-length negotiations of highly disputed claims, among experienced class action counsel on both sides and with the assistance of an experienced and highly respected third-party neutral mediator at Phillips ADR. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective cases, and of the potential risks versus benefits of continued litigation, including but not limited to compelled arbitration, the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues of Class Representative service awards and Class Counsel's reasonable attorneys' fees and expenses were not discussed, and not agreed to by the Parties, until after the Parties and their counsel had reached agreement on the material terms of this Settlement, and were, likewise, without any collusion.

8. The Court reaffirms its appointments of Plaintiffs Scott Balfour, Don Lee, Kuldeep Singh, Matthew Templon, and Shelia Vorheis as Class Representatives and Cafferty Clobes Meriwether and Sprengel LLP and Sauder Schelkopf LLC as Class Counsel for the Class. The

Court finds that said Class Representatives and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Class.

9. The Court reaffirms its appointment of Epiq Global as the Settlement Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

10. Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement, and were duly advised of the deadlines and procedures for doing so. Out of the approximately 2.7 million Class Devices, 2,444,233 unique Class Members, and 2,688,056 Notices of Settlement sent, only three objections and six requests for exclusion were received from Class Members. The Court finds that the low number of objections and requests for exclusion demonstrate that the Class Members overwhelmingly favors the Settlement, and further supports the finding herein that the Settlement is fair, reasonable, adequate, and warranting of final approval by this Court.

11. The Court has reviewed and considered the six requests for exclusion in detail. The Court hereby declares null and void the requests for exclusion filed by Karen Wells and Arturo Klepitch as neither individual is a Class Member. The Court finds valid the requests for exclusion filed by Stephen Aston, David Gagne, Christopher Moenig, and Alannes Moura and hereby excludes them from the Settlement and Release.

12. The Court has reviewed and considered the three objections in detail. The Court overrules the objection of Kathy Duff on the basis that she lacks standing to challenge the Settlement as she is not a Class Member. Even if the Court did not overrule her objection, the Court finds that Ms. Duff voluntarily withdrew her objection. The Court determines that the objections of Bobby Sikes and Scott Mace are withdrawn, subject to this Court's approval, which is granted as stated below.

13. The Court, after carefully reviewing all of the relevant filings and submissions, and having addressed the matter at the Final Fairness Hearing, hereby approves and accepts the settlements and withdrawal of the objections by Bobby Sikes and Scott Mace, pursuant to Rule 23(e)(5)(B)(i). Accordingly, these objections are hereby deemed withdrawn. The Court further finds that these objections would have been overruled on the grounds that they lacked merit, had they not been withdrawn.

14. Consistent with the Preliminary Approval Order, the Court hereby grants class certification, for the purpose of settlement, to the following Class:

> All Persons in the United States or its territories who, on or before January 23, 2023, purchased a Class Device.
>
> Excluded from the Class are Defendant; any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant; Defendant's legal representatives, assigns and successors, and all judges who have presided over the Action and any member of the judge's immediate families.

15. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

16. Defendant iFIT shall issue payments for any valid and approved Refund Remedy claims within thirty (30) days of the Claims Deadline.

17. The Parties and all Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the claims in the Release against all Released Parties contained therein.

18. The Action is hereby dismissed with prejudice and without costs, except as provided in the Court's order related to Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards. The Clerk of Court is directed to close this docket.

19. Upon the Effective Date, the Plaintiffs shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged all Released Parties from all claims in the Release as set forth in the Settlement Agreement.

20. Neither this Settlement, its negotiations, any agreements, documents and submissions relating thereto, nor this Final Approval Order and Judgment or any finding contained herein, shall in any way constitute, or be argued or deemed to constitute, evidence of, or any admission by any Party as to, the merits of any allegation or claim that was or could have been asserted in this Action, nor shall it, in any way, or anywhere, be deemed, construed, argued as, admitted as, or in any way used as, any admission of, or as any evidence of, any fact, claim, factual or legal issue, liability, wrongdoing or responsibility on the part of the Defendant or any Released Party, or of any violation or breach of any statute, law, rule, regulation, principle of common law or equity, or of any duty or obligation whatsoever on the part of the Defendant or any Released Party. This Final Approval Order and Judgment and the Settlement shall not be offered or be admissible as evidence against the Defendant, any of the Released Parties, or the Plaintiffs, and shall not be cited or referred to in any action or proceeding (judicial, administrative, arbitral, or otherwise) except to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment including the Release of claims against the Defendant and the Released Parties.

21. Plaintiffs and each and every Class Member, and any person or entity acting or purporting to act on behalf of any said Class Member, is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or in any way enforcing any claim in the Release against Defendant and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action

or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

22. Without affecting the finality of this Final Approval Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over and with respect to the consummation, implementation and enforcement of this Settlement and its terms and provisions, including the release of claims therein, and any suit, action, proceeding (judicial, arbitral, administrative, or otherwise) or dispute arising out of or relating to this Final Approval Order and Judgment, the applicability of the Settlement Agreement, and compliance with the terms the Settlement Agreement.

**IT IS SO ORDERED AND ADJUDGED:**

Dated: 12/2/24

_____
Hon. Colm F. Connolly
United States District Judge